McAdam, C. J.
The contract was not .personal in the sense which required its performance by all or any particular individual composing the firm of August Gast & Co. at the time the order was given by the defendants. The defendants distinctly allege, that the individuals composing the firm were unknown to them when they gave the order. This circumstance, construed in the light of the additional allegation that the order was simply a purchase of a particular class of goods (irrespective of the individual who was to manufacture them) negatives the claim made upon the trial, that the defendants contemplated when they gave the order, that they were contracting for the skill, science or other special qualification of any particular member of the old firm of August Gast & Co., so as to make the interest *260 of that particular member, in the order, non-assignablé to August Gast and his new associates.
The refusal, by the defendants, to accept the tender made by the plaintiffs, was not put upon the ground that the order given was personal to the members of the old firm or that the new firm was incapable of executing it. This objection, which is technical in its character, was raised for the first time upon the trial and is in our judgment untenable.
Upon the facts stated, the change in the personnel of the firm of August Gast & Co. does not prevent the plaintiffs, as its successors, from completing the contract and tendering legal performance thereof. Devlin v. The Mayor, etc., 63 N. Y., 8. These views do not conflict with Kline v. Lord (Daily Register, July 28, 1883), in which it appeared that one Farnham took a contract, by which he was to manufacture fans for the defendant, and immediately assigned it to Kline, who completed the work, and sued as assignee to recover the price. The court held that the defendants had the right to claim the personal services and supervision of their employee, Mr. Farnham, in the manufacture. On the new trial, ordered by that decision, the jury found that the defendant had notice of the assignment from Farnham to Kline, and assented to it, and upon this finding the judgment, which was again in favor of the plaintiff, was affirmed by the general terms of the city court and common pleas. The next question presented by the record is whether the contract was completed within a reasonable time. No definite time was specified, according to the plaintiff’s theory, although they admit that something was said about wanting the fans in about three weeks. The fans were gotten up and printed as advertisements of the defendant’s business, and whether in view of the delivery of 4910 of the fans on June 2, 1885, the tender of 5030 fans on July 11, 1885, was made within a reasonable time, is a difficult one for us to determine, as matter of law, upon the evidence adduced. On June 11, 1885, the defendant wrote that four out of five of the 4970 fans delivered on June 2 were imperfect, and that unless the plaintiffs allowed the defendants twenty-five per cent off for the imperfections, they would decline to receive the balance of the goods. ,The discount suggested was not allowed by the plaintiffs, so that if the fans delivered on June 2 were properly made in conformity to the defendant’s order, their written notice that they would not receive the balance dispensed with the necessity of any further tender on the part of the plaintiffs, and thus the question whether the tender made July 11, 1885, was timely or not, became material. The principle is, that a party cannot defend on the ground *261 of non-performance, by the other side, of conditions whose performance, he has already notified them, would be nugatory.
If he declares that he is no longer bound by the contract or will not perform it, he cannot set up subsequent failure of the other party to" tender performance. 2 Wharton on Contracts, § 995. The true difficulty in the case is, the defendants offered no evidence and relied upon supposed infirmities in the plaintiff’s case. The plaintiff’s made out a prima facie case, sufficient to call upon- the defendants for some explanation. As the case stood when the complaint was dismissed, there was evidence enough to go to the jury on the question of proper performance of the contract, and whether tender of proper performance of the. contract, and whether tender of performance of the 5030 fans was not waived by the defendants, and if not, whether in view of all the facts, the tender proved was not made in time; Upon the record as it stands, the trial judge erred in dismissing the complaint, and the judgment entered upon his direction must be reversed and a new trial ordered, with costs to the appellants to abide the event.
Nehrbas and Hyatt, JJ., concur.